UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE RUBALCAVA,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | Case No. CV 11-9393-PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Plaintiff appeals the decision of Defendant Social Security Administration ("the Agency"), denying her application for Supplemental Security Income ("SSI"). She claims that the Administrative Law Judge ("ALJ") erred when he found that she could work despite her low IQ. For the reasons discussed below, the Court finds that the ALJ did not err.

## II. SUMMARY OF PROCEEDINGS

In October 2008, Plaintiff applied for SSI, alleging that she had been unable to work since September 2006 because of a learning disability. (Administrative Record ("AR") 135, 171.) Her application was denied initially and on reconsideration, after which she requested

and was granted a hearing before an ALJ. (AR 28, 29, 47-59, 65-66.) Following the hearing in September 2010, the ALJ issued a decision, finding that Plaintiff was not disabled. (AR 33-40.) Plaintiff appealed to the Appeals Council, which denied review. (AR 1-5.) This action followed.

## III.   ANALYSIS

The ALJ determined that Plaintiff could perform work at all exertional levels but that her learning disorder would limit her to simple, repetitive, routine tasks with only occasional contact with the public. (AR 36.) Based on the testimony of a vocational expert that an individual with these limitations could work as an industrial cleaner, kitchen helper, and toy assembler, the ALJ concluded that Plaintiff was not disabled. (AR 26-27, 39-40.)

Plaintiff contends that the ALJ erred in determining her residual functional capacity because he did not take into account her low IQ. She points to a website--http://iq-test.learninginfo.org/ iq04.htm-- which she explains quantifies her IQ score in the bottom 10% of the population and limits her to jobs requiring no more than general learning ability level 5. (Joint Stip. at 4-5.) She argues that, because the jobs identified by the vocational expert and incorporated into the decision by the ALJ require a general learning ability of level 4 or higher, the ALJ erred in concluding that she could work. (Joint Stip. at 3-5.) For the following reasons, the Court concludes that the ALJ did not err.

The general learning ability aptitude scale is not comparable to IQ. *See Gibson v. Astrue*, 2008 WL 5101822, at *5-6 (C.D. Cal. Nov. 30, 2008) (rejecting argument that general learning ability aptitude scale is comparable to IQ); *see also Wilson v. Astrue*, 834 F. Supp.2d

1295, 1302-03 (N.D. Okla. 2011); and *Vasquez v. Astrue*, 2009 WL 3672519, at *3 (C.D. Cal. Oct. 30, 2009).  Thus, Plaintiff's argument that the ALJ erred in not equating the two and concluding that she could not work is rejected.

Furthermore, in determining that Plaintiff could work, the ALJ relied on the findings of examining psychologist Rosa Colonna, who determined in November 2008 that Plaintiff had a verbal IQ of 79, a performance IQ of 72, and full scale IQ of 74.  (AR 250-54.)  Though the doctor acknowledged that these results put Plaintiff in the borderline range, Dr. Colonna still concluded that Plaintiff could understand, remember, and carry out short, simplistic instructions without difficulty and would have no more than a mild inability to interact appropriately with supervisors, coworkers, and peers.  (AR 253-54.)

In addition, in December 2008, psychiatrist D. Williams reviewed Plaintiff's medical records, including Dr. Colonna's IQ tests, and opined that Plaintiff was capable of unskilled, non-public work.  (AR 266-70.)  Reviewing psychologist Judith Levinson did the same thing in 2009 and concurred with Dr. Williams.  (AR 271-72.)  The ALJ relied on these doctors, too, in concluding that Plaintiff could work.  (AR 37-38.)  Thus, it is clear that the ALJ considered Plaintiff's IQ test scores in evaluating her ability to work and in concluding that she could.  Further, the ALJ's decision is supported by the examining and reviewing doctors, which amounts to substantial evidence.  *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (holding that opinion of non-examining medical expert constitutes substantial evidence "when it is consistent with other independent evidence in the record," and opinion of examining physician "alone constitutes

substantial evidence" when it rests on independent examination findings).[1]

As to Plaintiff's argument that the ALJ failed to account for her low IQ scores in the hypothetical question to the vocational expert, again, the Court disagrees.  The ALJ was not required to incorporate additional limitations in the hypothetical question to account for Plaintiff's low IQ scores because further limitations were not supported by the medical evidence.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005).  The limitations, as outlined by the doctors, did not bar jobs requiring general learning ability level 4 and the ALJ did not err in not including such a limitation in the hypothetical question.

## IV.  CONCLUSION

For the reasons set forth above, the Agency's decision is affirmed and the case is dismissed with prejudice.

IT IS SO ORDERED.

DATED: August 24, 2012.

*/s/ Patrick J. Walsh*
_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\RUBALCAVA, 9393\memorandum opinion and order.wpd

---

[1] The ALJ noted that Plaintiff attended special education classes in high school but that her disability was deemed to be non-severe, and that her daily activities included helping her mother with chores, cleaning the bathroom, preparing food, and going out two or three times a week.  (AR 37, 38.)